■ In the Matter of ALLEN A. CURRIER et al., Respondents, v PLANNING BOARD OF THE TOWN OF HUNTINGTON, Appellant, and GERARD S. DOYLE et al., Intervening Third-Party Respondents-Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Huntington Town Planning Board, dated February 7, 1979, which, after a hearing, *inter alia,* denied petitioners' application for final approval of their subdivision plat, the appeal is from a judgment of the Supreme Court, Suffolk County, entered August 1, 1979, which (1) annulled the determination and (2) directed the planning board to grant final approval to said subdivision plat. Judgment reversed, on the law, without costs or disbursements, planning board determination confirmed and proceeding dismissed on the merits. The planning board's determination denying final approval to the Curriers' subdivision plat on the basis of environmental factors has a rational basis and is supported by substantial evidence in the record (see CPLR 7803, subds 3, 4). Prior to rendering its decision, the planning board was in receipt of three professional engineering reports submitted, respectively, by the Curriers, their immediate neighbors, and the town's department of engineering. All three reports drew different conclusions as to the environmental impact of the Curriers' proposed construction upon adjacent properties. Where conflicting inferences may be drawn from the evidence, it is the duty of the planning board to weigh the evidence and to exercise its discretion in approving or denying approval to a subdivision plat. The court will only substitute its judgment for that of the planning board when the board has abused its discretion or has acted arbitrarily or illegally (1 Anderson, New York Zoning Law and Practice [2d ed], § 15.09; *Matter of Eckels v Murdock,* 265 NY 545; *Matter of Roth v Friedman,* 51 AD2d 728). There has been no such abuse or arbitrary or illegal action in this case. Hopkins, J. P., Gibbons, Rabin and Weinstein, JJ., concur.