■ In the Matter of JAMES KENNEDY et al., Appellants-Respondents, v STANLEY FRIEDLANDER, as Chairman of the Planning Board of the Village of Tarrytown, et al., Respondents-Appellants, and HISTORICAL SOCIETY OF THE TARRYTOWNS et al., Intervenors-Respondents-Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Tarrytown, which, after a hearing, disapproved a "Final Subdivision Map", James and Patricia Kennedy appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered June 3, 1982, as denied their application to set aside that determination, and the Village of Tarrytown, the members of its planning board, and the intervenors cross-appeal from so much of said judgment as, upon consideration of the fourteenth affirmative defense in their respective answers that the Kennedys' application was barred by a stipulation of settlement entered into by the Kennedys on March 16, 1979, (1) permitted the Kennedys to vacate the stipulation, and (2) determined that the Kennedys did not waive their rights with respect to construction of additional buildings on the subject property by reason of the stipulation. Judgment affirmed, insofar as appealed from by James and Patricia Kennedy. Judgment reversed, insofar as appealed from by the Village of Tarrytown, the members of the planning board and the intervenors, the stipulation of settlement is reinstated, and the fourteenth affirmative defense in their respective answers is sustained. Respondents-appellants and respondents-appellants-intervenors appearing separately and filing separate briefs are awarded one bill of costs. The planning board's determination is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176) and has a rational basis (see *Matter of Currier v Planning Bd.,* 74 AD2d 872, affd 52 NY2d 722). Although conflicting inferences could have been drawn from the evidence, "it is the duty of a planning board to weigh the evidence and to exercise its discretion" (*Matter of Oakwood Co. v Planning Bd.,* 89 AD2d 606, 607). Respondents-appellants and respondents-appellants-intervenors are correct in their assertion that the Kennedys are bound by their stipulation of March 16, 1979 with regard to their development of and construction on the subject property. At the time the stipulation was agreed upon, the property was subject to the same R-10 zoning classification that it is presently governed by. The Kennedys could have terminated their prior action in whatever manner they deemed appropriate, and they could have subsequently sought to develop the property in accordance with their present application. They chose, instead, to enter into a stipulation setting forth a specific manner in which the property would be developed, and their subsequent change of heart provides an inadequate basis for vacating the stipulation (see, generally, *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, cert den 444 US 845; *Nishman v De Marco,* 76 AD2d 360, app dsmd 53 NY2d 642). Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.