■ In the Matter of JOAN S. HELLER, Appellant, v JACK KABCENELL et al., Respondents.—In a proceeding pursuant to CPLR article 78 to set aside a determination of the respondent Board of Trustees of the Village of Rye Brook (hereinafter the board) approving a subdivision application of the respondent Belove, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered October 25, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents Village of Rye Brook and Belove, appearing separately and filing separate briefs.

The petitioner brought this proceeding to challenge a determination by the board approving an application by the respondent Belove to subdivide her property. The subdivision approval was conditioned, *inter alia,* upon there being no curb cut between the newly created subdivision and the local thoroughfare, with the result that access to the thoroughfare from the newly created subdivision would be obtained via a strip of land owned by the petitioner. The petitioner also claims a violation of due process by virtue of the respondent board's refusal to grant her a further hearing in view of her unavoidable absence at the scheduled public hearing.

It is well settled that a reviewing court, in a proceeding pursuant to CPLR article 78, will not substitute its judgment for that of the board or set the latter's determination aside unless it clearly appears to be arbitrary or contrary to law *(see, Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals,* 94 AD2d 744, 745). Inasmuch as the condition im-

posed by the board was neither arbitrary and capricious nor illegal, the determination under review should not be disturbed. The dispute between the respective landowners as to the extent of the right-of-way does not taint the propriety of the board's decision.

Nor was the petitioner entitled to a de novo hearing on an application which had been properly voted upon following a public hearing. No application was made by or on behalf of the petitioner for an adjournment of the hearing of which the petitioner had notice. Moreover, her objection was voiced by a member of the community and considered by the board prior to its rendition of a decision. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.