■ In the Matter of JAN NASTRI, Petitioner, v ANN MICHEL et al., Constituting the Planning Commission of the City of Syracuse, et al., Respondents.—Determination annulled without costs, petition granted, and matter remitted to respondent with direction to approve the application for resubdivision. Memorandum: Petitioner's application to resubdivide and convert 14 substandard lots into 7 lots was denied by the Syracuse Planning Commission. Although each new lot would

meet or exceed all minimum subdivision requirements, petitioner's proposal to construct a two-family residence on each of six residential lots was rejected because the Commission concluded that sufficient open space had not been provided for greenery or outside use by tenants; that the lots were not large enough to provide an adequate buffer at the rear of each lot or to provide for snow removal and off-street parking; and that five residential lots would be more "appropriate".

The Commission contends that its determination was not arbitrary and capricious because section D of the City of Syracuse Subdivision Regulations empowers the Commission to impose higher planning and design standards where it finds that due to exceptional and unique physical conditions or the special nature and character of surrounding development, compliance with minimum standards would not reasonably protect health, safety and welfare. We conclude that the Commission had the power to impose higher standards but that the exercise of that power in this instance was arbitrary and capricious.

The Commission made no finding that the site of the resubdivision had any "exceptional and unique conditions of topography, location, shape, size, drainage, or other physical features" (City of Syracuse Subdivision Regulations § D), and the record fails to show any unique physical features. The evidence before the Commission does reveal that the surrounding development is a mix of single- and two-family homes; that the open space provided by petitioner's proposal is greater than that generally provided in the neighborhood; that petitioner intends to store snow at the buffer areas provided at the rear of each lot; and that petitioner's proposed parking spaces for each building plus driveway area are similar to off-street parking areas provided by other residents in the area. In sum, there is no evidence that the nature of surrounding development necessitates a higher planning or design standard. Under the circumstances, the determination lacks any rational basis and it must be annulled.

All concur, except Denman, J. P., and Green, J., who dissent and vote to confirm the determination, in the following memorandum.

Denman, J. P., and Green, J. (dissenting). We respectfully dissent as we believe the majority is improperly substituting its discretion for that of the Syracuse Planning Commission. The Commission is empowered to impose higher than minimum planning and design standards on proposed development where it finds that, due to exceptional and unique conditions,

development in accordance with minimum lot standards would not reasonably protect the public health, safety and welfare. The considerations which the board may consider in imposing higher lot standards include the location or other physical features of the site and the special nature and character of surrounding development. The Planning Commission rationally applied those factors in imposing higher lot standards on petitioner's proposed development. It concluded that the site required abundant off-street parking due to the narrow character of the streets, potential problems with snow removal, the need to insure adequate passage of emergency vehicles, and potential competition among residents of the proposed development and their visitors for limited parking. The Commission determined that improvement of the site with six duplex units would result in either unsuitable on-site parking or insufficient "green area" for the use of residents. It was not irrational nor an abuse of discretion for the Commission to reject the proposal to construct six duplexes on the site rather than the five-unit development which it found more appropriate *(see, Matter of Currier v Planning Bd.,* 74 AD2d 872, *affd* 52 NY2d 722). (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Auser, J.) Present —Denman, J. P., Boomer, Green, Balio and Lawton, JJ.