■ TOM THOMAS et al., Respondents, v JAMES E. BROOKINS et al., Constituting the Planning Board of the Town of Greece, Appellants.—Judgment unanimously reversed on the

law without costs and petition dismissed. Memorandum: The court erred in annulling the Planning Board's determination. Whether to approve or disapprove petitioners' subdivision proposal was within the discretion of the Planning Board (Town Law §§ 270, 277; *see, Matter of Currier v Planning Bd.,* 74 AD2d 872, *affd* 52 NY2d 722). Judicial review of the Planning Board's determination *(see,* Town Law § 274-a [3]; CPLR 7803) is limited to the issue of whether it is illegal or arbitrary and capricious *(Matter of Heller v Kabcenell,* 126 AD2d 728). The reviewing court should not disturb the Planning Board's determination absent illegality, irrationality, or an abuse of discretion, nor should the court substitute its judgment for that of the Board *(Matter of Currier v Planning Bd., supra).* Moreover, where conflicting inferences may be drawn from the record before the Board, it is the function of the Board, not the court, to weigh and reconcile that conflicting evidence *(Matter of Currier v Planning Bd., supra).*

Here, the Board's determination was not illegal or irrational, because it was well supported by the opinions of its experts, the Town Engineer and the Town Planner. Both opined that it would be unwise and undesirable to allow the sewers of the proposed subdivision to connect to the sewers in the subdivision in the adjacent North-Ridge sector. The experts stated that petitioners' proposal would require construction and maintenance of an otherwise unnecessary pumping station; might use up the excess capacity in the North-Ridge sector, thereby interfering with proposed development in that sector and possibly necessitating additional sewer construction there; and would invite similar proposals from other developers of property in the Ridge-English sector, which would impede orderly development in that sector and risk further overloading of the sewer capacity in the North-Ridge sector. It was improper for the court to substitute its judgment for that of the Board and to annul the Board's determination. (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Article 78.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.