■ In the Matter of M & M PARTNERSHIP et al., Respondents, v ALFRED J. SWEENOR, as Town Engineer of the Town of Plattsburgh, et al., Appellants. [619 NYS2d 802] —White, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered June 2, 1993 in Clinton County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Planning Board of the Town of Plattsburgh denying petitioners' application for subdivision plat approval.

Petitioners filed an application for a commercial subdivision with respondent Planning Board of the Town of Plattsburgh (hereinafter the Board). On May 9, 1989, the Board approved the preliminary subdivision plan subject to certain conditions, including the requirement that the revised paper plan be in compliance with a lengthy list of changes, additions and modifications to be approved by respondent Town Engineer. One requirement was that hydraulic tabulations were to be provided to insure that the existing drainage patterns would receive no more water after the improvements as existed in the drainage pattern prior to development.

After considerable delay petitioners claimed to have satisfied all the conditions imposed, although the Town Engineer disagreed, and petitioners requested authorization from the Board to commence development. The Board found that requirements on drainage, in particular the hydraulic calcula-

tions showing that the amount of water leaving the site after construction would be the same as already existed and would not impact adjacent landowners, had not been established by petitioners' engineers and thus the conditions set by the Board had not been met. This proceeding to annul the Board's determination was commenced, and Supreme Court granted the petition and directed the Board to approve petitioners' maps and plans and to authorize construction. It is from this judgment that respondents appeal.

Petitioners argue that this Court does not have jurisdiction over this appeal. We find this argument to be without merit, and although the decision of Supreme Court was improperly designated an order (see, CPLR 7806), where the entire proceeding has been resolved, the relief sought has been granted and a judgment is final, an appeal to this Court lies as of right (see, Matter of Pelaez v Waterfront Commn., 48 NY2d 1021; Matter of Plattsburgh Publ. Co. v Dashnaw, 83 AD2d 980; see also, CPLR 5701 [a] [1]).

Town Law § 276 authorizes a town planning board to approve subdivision plats, and a planning board may condition its approval of a preliminary plat upon modifications it deems necessary for the submission of the plat in final form (Town Law § 276 [3]).* In addition, Town Law § 277 provides that in approving plats a planning board shall review such conditions as sewers and drains to insure that the land can be used safely without danger of flooding or similar problems.

A review of the record indicates that petitioners' engineer acknowledged that due to an increase of surfaces impervious to water such as roads, parking lots and roofs, existing drainage patterns would be burdened beyond present amounts, at least during times of storm runoffs, which could create problems, including an overflow on existing roadways. In addition, the Town Engineer has opined that petitioners failed to provide tabulations meeting the drainage requirements, i.e., tabulations specifically showing that the existing drainage patterns would be unchanged by the development.

It is the duty of the Board to weigh the evidence and exercise its discretion in approving or denying approval to a subdivision plat, and as long as the Board's determination has a rational basis supported by substantial evidence, a court

---

* We note that new Town Law §§ 276 and 277 were enacted by the Legislature to be effective July 1, 1993. The legislation specifically provides, however, that the new laws shall apply to all applications for preliminary or final subdivision plat approval submitted on or after such date.

should not substitute its judgment for that of the Board when the Board has not abused its discretion or acted arbitrarily *(see, Matter of Currier v Planning Bd.,* 74 AD2d 872, *affd* 52 NY2d 722).* As stated in *Matter of Fuhst v Foley* (45 NY2d 441), a determination by responsible local officials in the affected community will be sustained as long as it has a rational basis and is supported by substantial evidence *(see, Thomas v Brookins,* 175 AD2d 619).

In this case we find that the Board requested specific information regarding drainage and that the information furnished by petitioners did not satisfy the Town Engineer. Thus, the Board was required to weigh the evidence and exercise its discretion in approving or disapproving the plat, and we find that the Board's denial of petitioners' application had a rational basis supported by substantial evidence and thus was not arbitrary or capricious *(see, Matter of Drexler v Town of New Castle,* 62 NY2d 413; *Matter of Heller v Kabcenell,* 126 AD2d 728). Therefore, the judgment appealed from should be reversed and the Board's determination confirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.