■ In the Matter of PASQUALE A. RAZZANO, Appellant, v PLANNING BOARD OF THE TOWN OF NORTH ELBA, Respondent. [— NYS2d —] —Peters, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered January 31, 1995 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent granting a conditional use permit to the Village of Lake Placid.

The Village of Lake Placid applied for a conditional use permit for the construction of a 9,000-square-foot water filtration facility adjoining a preexisting pumping station on the shore of Lake Placid in the Town of North Elba, Essex County. Petitioner is the beneficial owner* of undeveloped property adjacent to the parcel where the construction is proposed. Access to petitioner's property exists through a portion of Lake Street, which abuts the southern border of the project site and constitutes a right-of-way. After three public hearings, which petitioner attended and participated in, respondent conditionally approved the Village's application.

---

* Title to petitioner's property is held in the name of "Curtis, Morris & Safford, P. C., Defined Contribution Plan for [petitioner]", a retirement plan owned by petitioner.

Petitioner commenced this proceeding seeking to annul respondent's determination as illegal, arbitrary, capricious and an abuse of discretion since the location of the public utility and/or service facility is in violation of section 17 (D) (2) (a) of the Town's Land Use Code (hereinafter the Code). Petitioner further contends that should no violation be found, there are not sufficient conditions imposed to insure minimal travel of service vehicles over such roadway. Supreme Court dismissed petitioner's application and petitioner appeals.

Addressing respondent's contention that petitioner, as a beneficial owner of undeveloped and unimproved property, does not have standing to prosecute this action, we find no merit. Clearly, it can be inferred that petitioner, as a beneficial owner of property contiguous to the site of a proposed project, suffers injury different from that of the public at large (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 413-415; *Matter of Lo Lordo v Board of Trustees*, 202 AD2d 506) because the "value and enjoyment" of his interest in such property is threatened thereby (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra*, at 414-415). Since section 17 (D) (2) (a) of the Code seeks to protect residential areas from the construction of these types of facilities, petitioner's concerns regarding his particular property clearly entitle him to maintain this proceeding.

Recognizing our limited scope of review (*see, Matter of M & M Partnership v Sweenor*, 210 AD2d 575, 576-577; *Matter of Cunningham v Kerst*, 203 AD2d 636) and that it was respondent's obligation to weigh the evidence and resolve conflicting inferences (*see, Matter of M & M Partnership v Sweenor, supra*, at 576-577; *Matter of Currier v Planning Bd.*, 74 AD2d 872, *affd* 52 NY2d 722), we note that we may not substitute our judgment for that of respondent unless we find that respondent abused its discretion and acted arbitrarily, capriciously or illegally (*see, M & M Partnership v Sweenor, supra; Thomas v Brookins*, 175 AD2d 619, 620; *Matter of Currier v Planning Bd., supra*, at 576-577).

Petitioner contends that the location of this facility on the right-of-way violates section 17 (D) (2) (a) of the Code since such section proscribes the construction thereof "on a residential roadway, unless no other site is available". Due to the lack of a definition in the Code as to what would be deemed a "residential roadway", we find the respondent's construction supported by substantial evidence. As shown from the exhibits submitted with the application, the proposed location includes not only residential property but a public boat launch, the Lake Placid

Marina, and the existing pumphouse. It further appears that the right-of-way is not used as access to any residence in the area.

Even assuming, arguendo, that respondent had determined such right-of-way to be a "residential roadway", substantial evidence exists to support a determination that there was no other feasible location to place this facility in light of the costs associated with the alternate sites, the impact upon surrounding properties and the ability to accommodate future expansion (*see*, Town of North Elba Land Use Code § 17 [D] [2] [a]). Lacking the availability of an alternate site, we further find respondent to have appropriately imposed those conditions which would "necessitate minimal travel of service vehicles over such [residential] roadways" (*id.*).

As the record contains substantial evidence to support respondent's grant of a conditional use permit to the Village for the expansion of an already existing water treatment facility, Supreme Court's judgment is affirmed in its entirety (*see*, *Matter of M & M Partnership v Sweenor, supra*).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.