■ In the Matter of NORTH GREENBUSH DEVELOPMENT CORPORATION, Respondent, v ROCCO FRAGOMENI et al., Constituting the Planning Board of the Town of North Greenbush, et al., Appellants, et al., Respondents. [640 NYS2d 911] —Peters, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 15, 1995 in Rensselaer County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, annul a determination of the Planning Board of the Town of North Greenbush rejecting petitioner's subdivision project.

Petitioner is the developer of a proposed 51-lot residential subdivision, known as Daniella Place (hereinafter the project), seeking to be located in the Town of North Greenbush, Rensselaer County. Respondents include the members of the Planning Board of the Town of North Greenbush as well as members of the Town Board of the Town of North Greenbush.

In December 1993, petitioner submitted to the Planning Board an application for sketch plan review which included a full environmental assessment form (hereinafter EAF) for the project. At such time, the Planning Board designated itself as "lead agency" for the purposes of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]; *see*, 6 NYCRR 617.2 [v]). In April 1994, the Town Board declared itself an "involved agency" for purposes of SEQRA review and thus an addendum to the EAF was submitted for petitioner to address the new concerns raised therein (*see*, 6 NYCRR 617.2 [t]). From February through June 1994, the project was repeatedly discussed at numerous Planning Board meetings with a recurring focus upon the excessive amount of excavation which would be required as well as its noncompliance with various road design requirements of the Town Code (*see*, Town of North Greenbush Code § 163.35 [c], [f]).

At a meeting held on June 6, 1994, the Planning Board voted to have its environmental consultants prepare a "positive declaration" pursuant to SEQRA to be voted on at the next meeting (*see,* 6 NYCRR 617.2 [cc]). When such motion was defeated at the next scheduled meeting, the Planning Board proposed and passed a motion "for a conditional [*sic*] negative declaration"[1] (hereinafter CND; *see,* 6 NYCRR 617.2 [h]; 617.6 [h]). By letter dated July 7, 1994, the Planning Board's environmental consultants notified it that they had prepared a proposed draft CND which included proposed conditions which they suggested be discussed at the next meeting scheduled for July 11, 1994. They further recommended that "[d]ue to the complexity of the issues involved * * * and the public interest generated * * * once a final set of conditions is decided upon by the Board, the document be reviewed by Legal Counsel to be certain [that] [it] is not legally flawed". By letter dated July 14, 1994, the Chair of the Planning Board notified petitioner that it had given "conditional preliminary approval" to the project and that "[t]he Board * * * will be meeting in the coming week to scope out these conditions * * * that will have to be met before proceeding with the review process".

On July 14, 1994, at a regularly scheduled meeting of the Town Board, it devised an advisory resolution for submittal to the Planning Board regarding its assessment of the environmental significance of the project. Therein it cited numerous factors and urged the Planning Board, as lead agency, to issue a positive declaration as opposed to a CND (*see,* 6 NYCRR 617.2 [h], [cc]).

By letter dated July 22, 1994, the Planning Board's environmental consultants submitted a proposed CND as well as a proposed positive declaration to the Planning Board attorney, Frank Morgan. It acknowledged that the Planning Board had yet to make a SEQRA determination and therefore requested counsel to review the form and content of each. Thereafter, by letter dated July 26, 1994 to the Planning Board, the environmental consultants outlined the options available regarding the SEQRA determination, advising that such options included the issuance of a negative declaration, a positive declaration, a CND or a rejection of the project (*see,* 6 NYCRR 617.2 [h], [y], [cc]). They once again raised the recurrent issues that needed to be addressed which included, *inter alia,* the project's compliance with the Town Code. The project was discussed and tabled at the August 1, 1994 Planning Board meeting.

---

1. The proper term is a condition*ed* negative declaration (*see,* 6 NYCRR 617.2 [h]).

Thereafter, the Chair of the Planning Board received a memorandum from John Fenzl, Professional Engineer of the Town of North Greenbush, which reviewed the project and recommended its rejection due to the amount of excavation required and the project's noncompliance with the Town Code—a reiteration of his earlier memo dated December 3, 1993. The Planning Board, at its August 29, 1994 meeting, voted to amend the minutes of the June 27, 1994 meeting to reflect that its vote did not constitute the issuance of the CND "but was really a motion for the consultants to prepare the data so a conditional negative declaration could be considered at the next meeting on August 1, 1994" and, after hearing the recommendations of its engineering consultants and Fenzl, voted to reject the project in its entirety.

Petitioner commenced this CPLR article 78 proceeding alleging, *inter alia*, that the June 27, 1994 vote by the Planning Board was a determination to issue a CND and that it improperly rescinded that determination (*see*, 6 NYCRR 617.2 [h]; 617.6 [i]). It further alleged that the Planning Board could not now reject the project and was thus required to make a determination of significance pursuant to SEQRA (*see*, 6 NYCRR 617.2 [h]; 617.6 [i]). Supreme Court granted respondent John C. Graham leave to intervene and thereafter partially granted the petition by finding that the June 27, 1994 vote constituted the issuance of the CND which had been improperly rescinded (*see*, 6 NYCRR 617.2 [h]; 617.6 [i]). The Planning Board and Graham appeal.

Based upon our review of the record, we must reverse. The Planning Board did not meet the prerequisites for the issuance of a CND as a matter of law (*see*, 6 NYCRR 617.6 [h]). It neither settled on the mitigating conditions to be imposed (*see*, 6 NYCRR 617.6 [h] [1] [iii]) nor published or filed a CND prior to the June 27, 1994 vote (*see*, 6 NYCRR 617.6 [h] [1] [iv], [v]). Moreover, it had never even prepared a draft CND until July 1994 (*see*, 6 NYCRR 617.6 [h] [1] [v]). To the extent that petitioner claims that the June 27, 1994 vote was a binding determination of environmental significance, we again find error since the requirements of 6 NYCRR 617.6 (g), setting forth the procedure for determining significance, were also not met (*see*, 6 NYCRR 617.6 [g] [2]). Accordingly, since we find that the Planning Board could not have issued a CND as a matter of law, Supreme Court's reliance upon the Planning Board's compliance with 6 NYCRR 617.6 (i), addressing the rescission of a negative declaration, was error.

Aside from these SEQRA issues, we find that the Planning

Board properly exercised its discretion (*see, Thomas v Brookins,* 175 AD2d 619, 620) in rejecting the project in this preliminary stage[2] since its determination was based upon a thorough review of the project's design proposals and its consultant's recommendations that the issues preliminarily raised remained unresolved. As a matter within the Planning Board's special expertise (*see, Thomas v Brookins, supra*), its determination is entitled to great deference (*see, Flacke v Onondaga Landfill Sys.,* 69 NY2d 355; *Matter of Catskill Ctr. v Jorling,* 164 AD2d 163, *lv granted* 77 NY2d 805, *appeal dismissed sub nom. Village of Tannersville v Jorling,* 78 NY2d 919). Finding, as we must, that it was rationally based (*see, Matter of M & M Partnership v Sweenor,* 210 AD2d 575), we reverse the judgment of Supreme Court and dismiss the petition in its entirety.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

---

2. Here, it is clear that petitioner submitted a sketch plan to the Planning Board and that it did not advance past this process to either the preliminary plat or final plat stages (*see,* Town Law § 276 [4]; Town of North Greenbush Code §§ 163-5, 163-6, 163-13—163-17, 163-19—163-24).