■ STANLEY E. RZECZKOWSKI, Appellant, v LEO KOWALCZIK et al., Defendants, and GEARY F. CHUMARD, Individually and Doing Business as CHUMARD AND ASSOCIATES, et al., Respondents. (And a Third-Party Action.) [670 NYS2d 778] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 11, 1997, as granted the motion of Geary F. Chumard, individually and d/b/a Chumard & Associates, Chumard & Associates, Geary F. Chumard, and William G. McEvilly, individually and d/b/a Chumard & McEvilly, and Chumard & McEvilly, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he drove his snowmobile off the edge of an incline into a gravel pit owned and operated by the defendants Leo and Patricia Kowalczik. The plaintiff brought this action against the Kowalcziks and their consulting engineers, the respondents Geary F. Chumard, individually and d/b/a Chumard & Associates, Chumard & Associates, Geary F. Chumard, and William G. McEvilly, individually and d/b/a Chumard & McEvilly, and Chumard & McEvilly, for their alleged negligence in preparing plans on behalf of the Kowalcziks for a mining permit application and a renewal application.

Contrary to the plaintiff's contention, the plans drafted by the respondents in connection with the mining permit application, which were subsequently approved by the Town of Minisink Planning Board, were not in violation of a local zoning law (*see,* Town of Minisink Zoning Law § 3.1.1.1; *see generally, Matter of Olivieri v Planning Bd.,* 229 AD2d 584; *Matter of North Greenbush Dev. Corp. v Fragomeni,* 226 AD2d 854; *Matter of Bockis v Kayser,* 112 AD2d 222). Furthermore, the plaintiff's contention with regard to the plans as revised by the respondents for the renewal application is also without merit. Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.