■ In the Matter of Sheer Pleasure Lingerie, Inc., Appellant, v Town of Colonie Planning Board, Respondent. [674 NYS2d 493] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered September 18, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to extend its operating hours.

In April 1995 respondent granted an application filed by David Sarbo, which requested permission to operate an adult lingerie modeling business called "Lovely Lady Leather and Lace" in the Town of Colonie, Albany County; the building was owned by Robert Savoca. The hours of operation of the business were designated, as requested, between 10:00 A.M. to 10:00 P.M., Monday through Saturday.

In February 1996 Savoca, the owner of petitioner, filed a "Site Development Plan Application" (hereinafter the plan) seeking changes in the certificate of occupancy for the same business. Petitioner's application came before respondent at a regular meeting on March 12, 1996; petitioner's managing partner, Scott Lymburner, was present. According to the minutes of that meeting, petitioner requested that the hours of operation be changed to "10:00 a.m. to 12:00 a.m. Monday through Saturday". The minutes also reflect that neighbors in the area objected to the hours of operation, noting that the

prior hours of operation were "10:00 a.m. to 10:00 p.m." The minutes also reveal that respondent, by a 4 to 2 vote, granted approval for the application subject to verifying the hours of operation with the previous Planning Board approval and consulting with the Town Attorney's office as to whether expanded hours of operation of the nonconforming use would affect the existing nonconforming use status. The approval was also subject to a promise from petitioner to provide additional parking spaces if the need arose.

At a subsequent meeting on March 19, 1996, with Lymburner again in attendance, respondent noted its denial of the request for a change in operating hours. Significantly, the minutes of that meeting reveal that Lymburner appeared "to discuss the conditions of the March 12, 1996 approval". The minutes of the meeting also state, in pertinent part, as follows: "The [March 12, 1996] approval was conditioned on the hours of operation not exceeding the prior tenant's approval, which were 10:00 a.m. to 10:00 p.m. as indicated on the narrative description. * * * The Planning Board noted the non-conforming use status of the application which did not apply to the prior tenant, and to increase the hours of operation from 10:00 p.m. to 12:00 a.m. was not appropriate. The Planning Board took no action to change the conditions of the March 12, 1996 approval."

On March 29, 1996, written confirmation of the approval of the plan was sent to petitioner; however, the approval provided that hours of operation "shall be restricted between 10:00 a.m. and 12:00 a.m."

Approximately one year later, following repeated complaints from neighbors, respondent notified petitioner that the earlier approval confirmation misstated the hours of operation and, additionally, reminded petitioner that it was not permitted to operate on Sundays. Respondent enclosed a corrected notification and urged petitioner to confine its hours and days of operation to those originally approved. After being cited for operating beyond permitted hours, petitioner filed a new application with respondent requesting an expansion of the hours of operation. The application came before respondent at a meeting held on May 27, 1997; more than a dozen residents appeared and spoke against granting the application. Respondent subsequently denied petitioner's application, noting that the neighborhood residents present at the meeting attested to the negative impact of petitioner's establishment on the neighborhood.

Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 to annul respondent's May 27, 1997 deter-

mination. The petition alleged, *inter alia*, that respondent was guilty of laches and should be estopped from enforcing the hours of operation restriction because respondent waited nearly a year to inform petitioner that it was operating in violation of the original approval. Petitioner also alleged that respondent's determination not to permit the extended hours of operation was, among other things, arbitrary and capricious and should be set aside. Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Initially, we reject petitioner's contention that respondent should be estopped from changing petitioner's hours because it sought to change the hours in an impermissible manner. It is well settled that a municipal agency may not be estopped from discharging its statutory duties (*see, E.F.S. Ventures v Foster*, 71 NY2d 359, 369; *see also, Matter of Berchielli v Zoning Bd. of Appeals*, 202 AD2d 733, 734, *lv denied* 83 NY2d 757). Moreover, estoppel may not be used to prevent a local governmental agency from rectifying an administrative error (*see, McGannon v Board of Trustees*, 239 AD2d 392, 393), nor may it be used to ratify an administrative error (*see, Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals*, 176 AD2d 1157, 1159, *lv denied* 79 NY2d 754). Furthermore, a municipality may correct such errors even if the correction will lead to harsh results (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282; *see also, Parsa v State of New York*, 64 NY2d 143, 147).

Here, the facts clearly demonstrate that respondent was attempting to rectify an administrative error (*see, McGannon v Board of Trustees, supra*, at 393). Contrary to petitioner's position, there is no evidence from the March 12, 1996 meeting to suggest that respondent had approved the change in hours. Moreover, the minutes from the March 19, 1996 meeting clearly reflect respondent's determination that "to increase the hours of operation from 10:00 p.m. to 12:00 a.m. was not appropriate". In light of this evidence, the hours of operation stated in the approved application form dated March 29, 1996, indicating that the hours "shall be restricted between 10:00 a.m. and 12:00 a.m.", must be viewed as nothing more than a clerical error on the part of respondent. Lymburner's presence at the two meetings clearly indicates that petitioner had notice that respondent had not approved the change in hours.

Next, we reject petitioner's contention that respondent's determination was arbitrary and capricious and should therefore be set aside. In assessing petitioner's challenge, it is important to recognize the limited scope of review afforded such determi-

nations (see, *Matter of M & M Partnership v Sweenor*, 210 AD2d 575, 576-577; *Matter of Cunningham v Kerst*, 203 AD2d 636). In reviewing the decision of a planning board, this Court will not substitute its judgment for that of the planning board unless it acted in an arbitrary, capricious or illegal manner (see, *Matter of Razzano v Planning Bd.*, 223 AD2d 815, 816; see also, *Matter of M & M Partnership v Sweenor, supra*, at 576; *Thomas v Brookins*, 175 AD2d 619, 620).

Here, respondent acted in a lawful manner insofar as it was empowered by Town Law § 274-a (1) to grant approval of site plans and adopt such rules and regulations as are required to carry out this responsibility. To guide respondent in this regard, Local Laws, 1989, No. 7 of the Town of Colonie § 192-2 (K) provides criteria for making such determinations including, among other things, that residential concerns be taken into account. Respondent's meeting on May 27, 1997 was attended by area residents who voiced concerns over the presence of petitioner's business in the neighborhood and who expressed concerns about petitioner's establishment and an adult entertainment bar being located side by side. The residents also complained that petitioner's presence resulted in an increase in crime, vandalism and other disturbances, outdoor urination, and that the transient nature of the clientele resulted in increased motor vehicle traffic with taxicabs dropping off and picking up patrons. Indeed, these complaints are afforded greater credibility when it is considered that they were based on the residents' experience during the one-year period in which petitioner conducted its business with the expanded hours. Notably, the record contains no evidence to support petitioner's claim that these complaints were unfairly attributed to the operation of its business. Accordingly, we conclude that respondent's decision was reasonable.

Mikoll, J. P., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.