■ In the Matter of PHEASANT MEADOW FARMS, INC., Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [820 NYS2d 94]—

In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the Department of Planning, Environment, and Development of the Town of Brookhaven to place an application for preliminary approval of a subdivision plat on the calendar of the Planning Board of the Town of Brookhaven, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered April 26, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The time within which a planning board must act upon a preliminary subdivision plat application does not commence until the application is deemed complete (*see* Town Law § 276 [5] [c]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367 [1983], *affd* 62 NY2d 965 [1984]). A preliminary plat is not considered complete until either "a negative declaration has been filed or until a notice of completion of the draft environmental impact statement has been filed in accordance with the provisions of the state environmental quality review act" (hereinafter SEQRA) (Town Law § 276 [5] [c]; *see* ECL 8-0109 [2]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra*). Here, neither filing has occurred as the required SEQRA review is ongoing (*see* Town Law § 276 [5] [b]), and the respondents continue to glean relevant information to assess the environmental impacts of the proposed project.

The project presents significant environmental concerns with

respect to storm water drainage, which remain unresolved. Further, in this action, which the respondents classified as Type I under SEQRA (*see* 6 NYCRR 617.6 [a] [1] [iv]), the requisite full environmental assessment form was incomplete (*see* 6 NYCRR 617.6 [a] [2]). Since the preliminary plat cannot be considered complete, the respondents were not required to act upon the application, and a default approval was not warranted (*see* Town Law §§ 276 [5] [c],[d] [i]; [8]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra* at 374-376; *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park,* 145 AD2d 478 [1988]; *cf. Matter of Miller v Beatty,* 291 AD2d 560, 560-561 [2002]; *Matter of Twin Lakes Farms Assoc. v Town Clerk of Town of Bedford,* 215 AD2d 667, 668-669 [1995]).

The petitioner's remaining contentions are without merit. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.