■ In the Matter of MLB, LLC, Appellant, v GARY SCHMIDT, as Chair of the Planning Board of the Village of Monticello, et al., Respondents. [856 NYS2d 296]—

Peters, J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered January 9, 2007 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Village of Monticello denying petitioner's application for approval of a proposed subdivision plat.

Petitioner, the owner of an undeveloped parcel of land located in the Village of Monticello, Sullivan County, sought approval from respondent Planning Board of the Village of Monticello (hereinafter the Board) to subdivide the parcel into three lots in order to build a dwelling on each. At a public hearing, numerous neighboring property owners opposed the proposed subdivision, both verbally and through the presentation of a signed petition, expressing concerns that development of the parcel would exacerbate the area's recurrent drainage problems. At a subsequent hearing, the Board assumed lead agency status for the review of the project, issued a negative declaration pursuant to the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]) and thereafter unanimously voted to deny petitioner's application for final approval of the subdivision, finding that the area's current drainage conditions would be aggravated by the proposed development. Petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

"In reviewing the decision of a planning board, this Court will not substitute its judgment for that of the planning board unless it acted in an arbitrary, capricious or illegal manner" (*Matter of Sheer Pleasure Lingerie v Town of Colonie Planning Bd.*, 251 AD2d 859, 862 [1998] [citations omitted]; *see Matter of Razzano v Planning Bd. of Town of N. Elba*, 223 AD2d 815, 816 [1996]). Here, petitioner argues that the "harmonious opinions" from both his engineer and the Village Engineer, coupled with the Board's issuance of a negative declaration under SEQRA, supports the conclusion that his application to subdivide the subject parcel should have been approved, and that the Board's determination impermissibly rested solely upon generalized community opposition. Initially, we note that the Board's issuance of a negative declaration is not wholly inconsistent with its denial of petitioner's application. In its SEQRA determination, the Board acknowledged the potential adverse effects associated with drainage and flooding problems, yet simply did not find

them to be so significant in their impact as to require a positive declaration. Thus, since the Board's SEQRA determination was that no *significant* adverse impacts would result from the proposed subdivision, but that there could be adverse effects associated with the drainage and flooding problems, we do not find the Board's SEQRA determination to be incompatible with its subsequent denial of petitioner's application for approval of the subdivision.

Village Law § 7-730 (1) provides that in approving plats, a planning board shall require a showing that the land can be used safely for building purposes "without danger to health or peril from fire, flood, drainage or other menace to neighboring properties or the public health, safety and welfare." While petitioner asserts that the concerns about the recurring drainage and flooding problems in the locale voiced by owners of adjacent and neighboring downgrade parcels at the public hearing constituted " 'generalized community objections' " which cannot, standing alone, justify denial of his application (*Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d 236, 240 [2005], quoting *Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *see Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 66 NY2d 893, 895 [1985]; *Matter of Burke v Denison*, 203 AD2d 642, 644 [1994]), we find their concerns to be specific and based upon personal experience and observations (*see Matter of Samek v Zoning Bd. of Appeals of Town of Ballston*, 162 AD2d 926, 927 [1990]; *see also Matter of Michelson v Warshavsky*, 236 AD2d 406, 407 [1997]). In particular, the downhill property owners imparted to the Board their personal knowledge and detailed observations regarding the recurring drainage problems in the locale as a result of heavy rain and runoff from the steep hill upon which petitioner's property lies, which included the flooding of streets and basements.

Moreover, in rendering its determination, the Board considered not only the concerns of adjacent property owners, but also the opinion of the Village Engineer, Glenn Smith. Smith advised the Board that the grade and slope of the parcel presented drainage issues and expressed his concerns that as a result of the clearing of vegetation and construction of surfaces impervious to water (such as roofs and driveways), there would be an increase in storm water runoff from the proposed homes to the adjacent downgrade properties. In response, petitioner's engineer, Michael Rielly, indicated that drywells would be added to each proposed lot to sufficiently accommodate any such runoff. Smith, acknowledging that the proposed development should

have little effect on the existing drainage conditions, also opined that any drywell could be overstressed and flood in certain circumstances.

"The evidence in this case presented a close, fact-specific choice of the kind that local boards are uniquely suited to make" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]), and where, as here, conflicting inferences may be drawn, it was the responsibility of the Board, not this Court, to weigh the evidence and exercise its discretion in approving or denying approval to the subdivision plat (*see Matter of Razzano v Planning Bd. of Town of N. Elba*, 223 AD2d at 816; *Matter of M & M Partnership v Sweenor*, 210 AD2d 575, 576-577 [1994]; *Matter of Currier v Planning Bd. of Town of Huntington*, 74 AD2d 872, 872 [1980], *affd* 52 NY2d 722 [1980]). As there was a rational basis to support the Board's denial of petitioner's application, it must be upheld even though a contrary determination could be supported by the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d 1098, 1101 [2007]).

Mercure, J.P., Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.