■ In the Matter of BENISON CORPORATION, Appellant, v KATHERINE A. CAIRO DAVIS, as Town Clerk of the Town of Marbletown, et al., Respondents. [857 NYS2d 798]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered March 2, 2007 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel respondent Town Clerk of the Town of Marbletown to certify that petitioner is entitled to subdivision approval upon the preliminary plat.

In the course of petitioner's pending application for a six-lot subdivision approval of a 24.2-acre parcel of real property in Ulster County, respondent Town of Marbletown Planning Board, which was acting as lead agency for purposes of the State Environmental Quality Review Act (see ECL art 8), required various pieces of information on a number of environmental concerns. In particular, the Board sought an updated well draw-down study because the initial study submitted by petitioner, according to the Board's consulting hydrogeologist, was incomplete for a variety of reasons. While the Board initially required that all six test wells in the subdivision be used for the updated draw-down study, it later modified the requirement to two such wells. Thereafter, petitioner was further advised by the Board that its consulting engineer was recommending that the updated draw-down study be conducted pursuant to a Department of Environmental Conservation (hereinafter DEC) "level one protocol," as opposed to standards outlined by the Department of Health.

In addition to generally objecting to the request for an updated draw-down study, petitioner strongly objected to the additional requirement that it be conducted pursuant to the DEC level one protocol. Petitioner alleged that this protocol was designed for public water supplies only and not small-scale residential projects such as the one at issue. No updated study of any kind was conducted. Instead, after moving to withdraw its previous consent to waive all required time frames, petitioner demanded that respondent Town Clerk enter a default approval of its application pursuant to Town Law § 276 (8). The Town Clerk refused, prompting this CPLR article 78 proceeding in the nature of a mandamus to compel. Supreme Court dismissed the petition. Petitioner now appeals, and we are compelled to affirm.

Here, the Board never issued a negative declaration concerning the proposed action (see Town Law § 276 [5] [d] [i] [1]) or a

notice of completion for a draft environmental impact statement (*see* Town Law § 276 [5] [d] [i] [2]; *see also Matter of Pheasant Meadow Farms, Inc. v Town of Brookhaven*, 31 AD3d 770 [2006]; *Matter of Tinker St. Cinema v Town of Woodstock Planning Bd.*, 256 AD2d 970, 972 [1998]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson*, 98 AD2d 367, 372 [1983], *affd* 62 NY2d 965 [1984]). Therefore, petitioner's preliminary plat application remained incomplete (*see* Town Law § 276 [5] [c]; *Matter of Pheasant Meadow Farms, Inc. v Town of Brookhaven, supra*; *Matter of Tinker St. Cinema v Town of Woodstock Planning Bd., supra*; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson*, 98 AD2d at 372). This being the case, the time periods for a public hearing were never triggered (*see* Town Law § 276 [8]) and petitioner was simply not entitled to default approval (*see Matter of Pheasant Meadow Farms, Inc. v Town of Brookhaven, supra*; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra*).

As a final matter, we endorse Supreme Court's observation that the application of the DEC level one protocol as required by the Board's engineer may not comport with the original recommendation for an updated study by the consulting hydrogeologist. It may be appropriate for the Board to reconsider this issue.

Peters, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.