■ SHERWOOD RIDGE, LLC, et al., Appellants, v TOWN OF GREENVILLE et al., Respondents. [883 NYS2d 719]—

In an action, inter alia, for a judgment declaring that the application of the plaintiff Sherwood Ridge, LLC, for site plan approval is deemed approved by operation of the Zoning Law of the Town of Greenville, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 6, 2008, as denied their motion for summary judgment on the first cause of action declaring that the application is deemed approved by operation of the Zoning Law of the Town of Greenville, and granted those branches of the defendants' cross motion which were for summary judgment with respect to the first, second, and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the application of the plaintiff Sherwood Ridge, LLC, for site plan approval is not deemed approved by operation of the Zoning Law of the Town of Greenville.

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment with respect to the first cause of action, which was for a judgment declaring that the application of the plaintiff Sherwood Ridge, LLC, for site plan approval was deemed approved by operation of the Zoning Law of the Town of Greenville. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the application was not complete and, therefore, that the defendant Town of Greenville Planning Board was not required to act upon the application (*see Matter of Pheasant Meadow Farms, Inc. v Town of Brookhaven,* 31 AD3d 770, 770-771 [2006]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 376 [1983], *affd* 62 NY2d 965 [1984]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of an appropriate declaratory judgment in favor of the defendants (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.