Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Delaware County) to, among other things, review two determinations of respondent Village of Deposit Planning Board which denied petitioner’s application for subdivision approval.
Petitioner is the owner of a 2.974-acre parcel of real property located in the Village of Deposit, Broome and Delaware Counties that contains two vacant buildings — a three-story building that was formerly a school and a smaller metal building. In August 2009, petitioner filed an application with respondent Village of Deposit Planning Board (hereinafter the Board) to subdivide the property into two lots, with each of the new lots to contain one of the buildings. On October 28, 2009, the Board held a public hearing and, in conjunction with its review under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), thereafter issued a positive declaration of environmental significance and required petitioner to submit a draft environmental impact statement.
*852 Petitioner then commenced a proceeding pursuant to CPLR article 78 seeking to overturn the Board’s positive declaration. As pertinent here, this Court reversed the Board’s determination and remitted the matter to the Board for further proceedings (Matter of Center of Deposit, Inc. v Village of Deposit, 90 AD3d 1450, 1454 [2011]). On remittal, the Board ultimately issued a negative declaration of environmental significance on March 9, 2012. Following public meetings and a public hearing held on March 28, 2012, the Board issued two determinations, both of which denied petitioner’s subdivision application.[1] Petitioner commenced the instant CPLR article 78 proceeding challenging those determinations which, upon transfer to this Court, we now confirm.
Initially, we reject petitioner’s argument that the Board’s denial of the subdivision application was untimely, resulting in a default approval of the application. Under the Village Law, when a planning board determines that an environmental impact statement is not required, a public hearing must be held within 62 days of the submission of a complete preliminary plat (Village Law § 7-728 [6] [d] [i] [1] [a]). Significantly, “[t]he time periods for review of such plat shall begin upon filing of [a] negative declaration” (Village Law § 7-728 [6] [c]). A decision on the final plat must then be rendered within 62 days of the public hearing (see Village Law § 7-728 [6] [d] [i] [3] [a]), and the failure to issue a timely decision results in a default approval (see Village Law § 7-728 [8]). Here, the Board issued a negative declaration on March 9, 2012, held a public hearing 19 days later, and immediately issued a determination denying the subdivision application.
Petitioner contends that, because the Board held a public hearing on the application in October 2009, it lacked any authority to conduct additional hearings, and the time within which the Board was required to issue a determination on the subdivision application began to run when this Court set aside the initial positive declaration. We do not agree. Pursuant to Village Law § 7-728 (6) (c), a public hearing on the subdivision application must follow the filing of the negative declaration under SEQRA (accord Matter of Kittredge v Planning Bd. of Town of Liberty, 57 AD3d 1336, 1340 [2008]; see Town Law § 276 [6] [c]). Thus, the hearing held in October 2009 — prior to the issu *853 anee of the negative declaration — could not satisfy the hearing requirement under the Village Law, and the Board had 62 days after the issuance of the negative declaration in March 2012 to hold a public hearing, and an additional 62 days after the hearing to render a decision on the application. Inasmuch as the Board met those deadlines, petitioner was not entitled to a default approval of its application (see Matter of Benison Corp. v Davis, 51 AD3d 1197, 1198 [2008]).
Next, while we agree with petitioner that the record impermissibly contains evidence that was not before the Board as part of its administrative review (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Shuler v New York City Hous. Auth., 88 AD3d 895, 896-897 [2011]; Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1982], affd 58 NY2d 952 [1983]) and we have not considered such evidence,[2] we are unpersuaded by petitioner’s substantive challenge to the Board’s determinations denying the subdivision application. It is now well established that “[a] local planning board has broad discretion in reaching its determination on applications for subdividing property, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion” (Matter of Fuentes v Planning Bd. of the Vil. of Woodbury, 82 AD3d 883, 884 [2011], lv denied 17 NY3d 707 [2011] [internal quotation marks and citations omitted]; see Matter of MLB, LLC v Schmidt, 50 AD3d 1433, 1435-1436 [2008]). The Village of Deposit Local Law requires that the Board set forth its reasons for denying a subdivision application (see Village of Deposit Local Law for Subdivision Review § 304 [D]). In this regard, under the Village Law, plats must comply with existing zoning law (see Village Law § 7-730 [3]) and the applicant is required to establish that the “land can be used safely for building purposes ‘without danger to health or peril from fire, flood, drainage or other menace to neighboring properties or the public health, safety and welfare’ ” (Matter of MLB, LLC v Schmidt, 50 AD3d at 1435, quoting Village Law § 7-730 [1]).
Here, the Board identified a variety of reasons for its denial, including, among others, that the subject property lacked a legal means of ingress and egress and that the proposed subdivision would endanger “the health, safety, welfare and comfort” *854 of the Village at large.[3] Although petitioner claims that the property benefits from a right-of-way over an adjoining church property, which provides a means of ingress and egress, that right-of-way is limited by its express terms to “use [of] the driveway and parking area . . . but only for school purposes” (emphasis added). In our view, the Board had a rational basis for its concerns regarding whether the right-of-way would allow for continued access to the subject property, particularly considering that it was no longer being used for school purposes. Although petitioner also argues that the property has nearly 700 feet of street frontage that can be used for access, Village of Deposit zoning laws require that a driveway be at least 20 feet wide and the Board concluded that access directly from the street would not be practical or legal. Further, officials from the Village’s police and fire departments raised concerns regarding the lack of access to the property and noted the deteriorating condition of the school building and the safety hazards enveloping the property as a whole. Inasmuch as the Board’s conclusions — that there were significant safety issues surrounding the property and that petitioner had not established compliance with the relevant zoning laws — provided a rational basis to support its denial of petitioner’s application, such denial must be upheld (see Matter of MLB, LLC v Schmidt, 50 AD3d at 1434-1435).
We have examined petitioner’s remaining contentions and, to the extent they have not been rendered academic by our decision, find them to be lacking in merit.
Rose, J.P., Spain and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

. The Board issued the first determination denying the application on March 28, 2012. However, due to an unidentified “technical error,” the Board also considered the proposal at an April 27, 2012 meeting and again voted to disapprove the application.

. Although a majority of the complained of evidence should not have been included in the record, we disagree with petitioner’s assertion that the structural engineering report prepared by Interactive Engineering Solutions, PC should have been excluded, as the record reflects that the Board had before it the contents of such report.

. The Board also noted that the Broome County and Delaware County Planning Departments both recommended disapproval of the subdivision application following their General Municipal Law § 239 review.