*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    522032
_____

In the Matter of ROCCO
    LUCENTE,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

PAULETTE TERWILLIGER, as
    Town Clerk of the Town
    of Ithaca,
                        Respondent.
_____

Calendar Date:   September 8, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

        Williamson, Clune & Stevens, Ithaca (John H. Hanrahan of counsel), for appellant.

        Susan H. Brock, Ithaca, for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the Supreme Court (Rumsey, J.), entered February 10, 2015 in Tompkins County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to compel respondent to grant petitioner final subdivision approval.

        Petitioner owns vacant property in the Town of Ithaca, Tompkins County.  In January 2006, he submitted an application to the Town Planning Board seeking approval to subdivide the property into 50 parcels consisting of 47 residential lots, two parcels to be donated to Cornell University as wildlife open space and a parcel to be dedicated to the Town and added to an

existing park.  In July 2006, following review of these submissions, an environmental assessment and a public hearing, the Planning Board issued a negative declaration of environmental significance pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and granted preliminary subdivision approval with various conditions.  On September 10, 2007, petitioner applied for final subdivision approval, submitting a proposed final plat that made several changes in the proposed project, particularly with reference to drainage and stormwater management.  On the date that the final application was submitted, the Town Board adopted a 270-day moratorium that, as pertinent here, prohibited the Planning Board from issuing "[a]cceptance, consideration, preliminary approval or final approval . . . of any plan or application for subdivision of" petitioner's property (Local Law No. 9 [2007] of Town of Ithaca § 2 [A]).  Thereafter, with petitioner's consent, the Town Board extended the moratorium for two additional 270-day periods (see Local Law No. 8 [2008] of Town of Ithaca; Local Law No. 8 [2009] of Town of Ithaca).

Following the expiration of the extended moratorium, no further action was taken on petitioner's application until September 2014, when petitioner demanded that respondent issue a certificate establishing default approval of his application based upon the Planning Board's failure to take action on his 2007 final application within the statutory time limit (see Town Law § 276 [8]).  Respondent denied petitioner's request on the ground that, among other things, additional SEQRA review – which was required due to the modifications in the final application – had never been completed.  Petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, as pertinent here, to annul respondent's determination and direct respondent to issue the certificate of approval. Supreme Court dismissed the combined petition/complaint, and petitioner appeals.

A certificate of default approval of a preliminary or final plat must be issued upon demand when a planning board fails to take action within the applicable statutory time limit "after completion of all requirements under [SEQRA]" (Town Law § 276 [8]; see Matter of King v Chmielewski, 76 NY2d 182, 188 [1990];

<u>Wallberg v Planning Bd. of Town of Pound Ridge</u>, 115 AD2d 539, 539 [1985]). The Town Law requires a planning board to act within 62 days after submission of a final plat (<u>see</u> Town Law § 276 [6] [b], [c], [d]), and the applicable Town subdivision regulations shorten that period to 45 days (<u>see</u> Code of the Town of Ithaca § 234-16 [C]). Petitioner contends that he is entitled to a certificate of default approval because the Planning Board did not act upon his final plat submission within these time limits after the submission of the final plat and the expiration of the extended moratorium.[1] Supreme Court held that the time period within which the Planning Board was required to act never began to run because "all requirements under [SEQRA]" were never completed (Town Law § 276 [6]). We agree, and affirm.

It is undisputed that petitioner's property is located in an area that has historically experienced problems with drainage, flooding and stormwater management. Petitioner's application for preliminary subdivision approval proposed to manage stormwater runoff by directing it into existing wetlands on the property and detaining it there. The negative declaration under SEQRA was based upon that stormwater management plan, and the Planning Board's approval of the preliminary subdivision application was conditioned, in part, upon approval of the stormwater management system by the Department of Environmental Conservation.

However, the Department of Environmental Conservation apparently subsequently advised that it would not approve the proposed use of existing wetlands for stormwater management. Accordingly, petitioner's September 2007 application for final subdivision approval contained a revised stormwater management plan that, among other changes, called for the clearing of certain areas of forested wetlands – located within an area designated as a Unique Natural Area by county environmental officials – to permit the construction of stormwater management facilities, including a permanent artificial pond. The Town

---

[1] A valid moratorium extends the time within which a planning board must act (<u>see</u> <u>Matter of Dune Assoc. v Anderson</u>, 119 AD2d 574, 575 [1986]), and petitioner does not challenge the validity of the extended moratorium.

Attorney averred without contradiction that, before the final plat was submitted, she discussed with petitioner's counsel and engineer the need for additional SEQRA review to determine whether the previously issued negative declaration was still appropriate in view of these modifications. Petitioner's engineer was also reportedly present at a meeting of the Planning Board where the Town Attorney advised of the need for additional SEQRA review. When the final plat was submitted, it included a revised long form environmental assessment reflecting these changes together with a letter from petitioner's engineer describing the modifications as "extensive" and stating that petitioner understood that they "[would] require a SEQRA amendment."

No additional SEQRA review ever occurred. According to respondent, petitioner and Town officials held discussions and meetings during the five years following the imposition of the moratorium regarding several alternative subdivision design proposals that included various changes, such as fewer housing units, different lot configurations, features designed to protect wildlife and minimize the ecological impact on environmentally sensitive areas of the property and even a potential land swap, by which petitioner would have developed an entirely different parcel. Respondent asserts — and petitioner does not dispute — that at no point between 2007 and the 2014 commencement of this proceeding were there any discussions of the original subdivision application or requests for additional SEQRA review. Town officials believed that petitioner had abandoned his application for final approval of the original design and therefore never commenced the previously-contemplated additional SEQRA review of that application.

Petitioner now contends that no further SEQRA review was required, but he conceded otherwise in the final application itself, and his petition does not assert that SEQRA review was complete. Even if, as he now contends, it was the Planning Board's burden to initiate additional SEQRA review of his final application rather than his responsibility to request it, the narrow language of Town Law § 276 (8) limits the remedy of default approval to failures to comply with statutory time limits that occur "<u>after</u> completion of all requirements under [SEQRA]"

(emphasis added).  As such, the default approval mechanism does not provide a remedy for a planning board's untimeliness in complying with SEQRA requirements (see Terry Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 276 at 39; see also Matter of Honess 52 Corp. v Widholt, 176 Misc 2d 57, 63-64 [Sup Ct, Dutchess County 1998]).  Here, as all SEQRA requirements were never completed, the time period within which the Planning Board was required to act on the final subdivision application never began to run, and Supreme Court properly found that petitioner is not entitled to default approval (see Town Law § 276 [8]; compare Matter of Benison Corp. v Davis, 51 AD3d 1197, 1197-1198 [2008]; Matter of Pheasant Meadow Farms, Inc. v Town of Brookhaven, 31 AD3d 770, 770-771 [2006]).[2]  Accordingly, the combined petition/complaint was properly dismissed.

Egan Jr., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  Contrary to petitioner's contention, a different result is not required by Matter of Leonard v Planning Bd. of Town of Union Vale (136 AD3d 868 [2016]); that case did not involve the default approval mechanism of Town Law § 276 (8) and, as such, does not apply to this analysis.