■ RICHARD J. ODORIZZI et al., Appellants, v OTSEGO NORTHERN CATSKILLS BOARD OF COOPERATIVE EDUCATION SERVICES, Respondent. [762 NYS2d 691] —Cardona, P.J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered September 9, 2002 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Nancy J. Odorizzi (hereinafter plaintiff) is a former full-time employee of defendant. In 1986, plaintiff enrolled in defendant's medical plan and elected family coverage. Upon her retirement in 1997, plaintiff elected to change her medical coverage from family to individual coverage for herself. At that time, plaintiff's husband had individual medical coverage through a plan offered by his employer. In April 2001, plaintiff applied to change her enrollment in defendant's health plan to secure coverage for her husband who had retired and was not eligible to receive benefits under his former employer's medical plan. After plaintiff's application was denied, she and her husband commenced this breach of contract action, seeking, inter alia, damages in the amount of $375 per month representing the cost of securing private medical coverage for plaintiff's husband. Following joinder of issue, defendant moved for summary judgment dismissing the complaint arguing that its self-funded health benefit plan did not permit former employees to change their enrollment after retirement. Supreme Court agreed, resulting in this appeal.

Defendant's Catskill Area Schools Employee Benefit plan (hereinafter the Plan), a municipal cooperative health benefit plan with a number of school districts participating, defines an "employee" in section 2.15, as a person: "(1) directly employed

in a regular business of and (2) who receives W-2 compensation for such employment from an Employer; and (3) who meets the Employer's requirements for eligibility as an Employee for coverage under the Plan. An Employee may include a current member of the Board of Education of a participating Employer School District in this Plan." Furthermore, section 4.1 of the Plan allows three types of enrollment:

"A. INDIVIDUAL COVERAGE provides coverage for Employees only as defined in Section 2.15.

"B. FAMILY COVERAGE provides coverage for the Employee, the Employee's spouse and any of the Employee's eligible Dependent children (Dependent is defined under Section 2.13).

"C. RETIREE COVERAGE, an Employee may elect to purchase two individual coverages rather than family coverage upon retirement. This applies in a situation that involves an Employee and his spouse only."

Based upon prescribed changes in family status, the Plan permits employees, upon application, to change their enrollment from individual to family coverage or vice versa. Defendant argues that, under the plain terms of the contract, plaintiff was not an "employee" at the time she attempted to enroll her husband, but rather a retired employee who had made her selection of coverage at retirement and, therefore, no longer able to exercise the option of changing her coverage to add her husband. On the other hand, plaintiffs maintain that the Plan does not define "retired employees" as a separate class of beneficiaries with rights different from those provided to "employees" and that the "retirement coverage" provided under the Plan is simply a further option available to employees who meet the additional criterion of retirement. Plaintiffs contend that the Plan does not contain any stated restriction limiting plaintiff's right to exercise the option to change her coverage enrollment. They further argue that if the drafters of the Plan desired to eliminate a retired person's eligibility to change coverage enrollment, they would have expressed it through additional language as they did when they qualified the definition of "employee" by limiting it to *current* members of the Board of Education.

We do not agree with plaintiffs' argument because it is contrary to the Plan language defining "employee." Clearly, upon retirement, plaintiff was no longer directly employed in the business of her employer from whom she received W-2 compensation. She is, in our view, a retiree, a former employee, not an "employee" and, therefore, according to the plain terms of the Plan, unable to exercise the option to change the cover-

age she selected at retirement. "[L]ooking within the four corners of the [Plan] document, not to outside sources" (*Kass v Kass*, 91 NY2d 554, 566 [1998]; *see Todd v Grandoe Corp.*, 302 AD2d 789, 790 [2003]), we determine that its language is unambiguous and, therefore, must conclude that plaintiff has no right to change her coverage enrollment under its terms. Furthermore, in the absence of an *evidentiary* showing "that facts essential to justify opposition [existed] but [could] not then be stated" (CPLR 3212 [f]), we find no merit in plaintiffs' argument that the motion for summary judgment should have been denied as premature (*see Firth v State of New York*, 287 AD2d 771, 773 [2001], *affd* 98 NY2d 365 [2002]).

Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.