■ In the Matter of DOUGLAS B. BOWER, Respondent, v BOARD OF EDUCATION, CAZENOVIA CENTRAL SCHOOL DISTRICT et al., Appellants. [862 NYS2d 185]—

---

Lahtinen, J. Appeal from an order and judgment of the Supreme Court (McDermott, J.), entered September 14, 2007 in Madison County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted petitioner's cross motion for summary judgment.

Petitioner retired from his teaching position with respondent Cazenovia Central School District in June 2004 and, at that time, he was enrolled as an individual participant in the district's group health insurance plan. He married in June 2006 and requested the district to change his health insurance to family coverage so that his wife would be covered. The district refused, taking the position that a retired teacher is not permitted to change his or her health insurance coverage. Petitioner commenced this proceeding contending that the applicable collective bargaining agreement permitted him to change his coverage and, also, that the district's refusal ran afoul of the statutory moratorium against reducing health insurance benefits of retirees unless there was a corresponding reduction for active employees (*see* L 2006, ch 27; *see generally Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist.*, 21 AD3d 1134, 1134-1135 [2005]). The parties moved for summary judgment. Supreme Court denied respondents' motion and granted petitioner's cross motion, finding that petitioner had the right under the terms of the collective bargaining agreement to change his health insurance coverage to include his new spouse. Respondents appeal.

Respondents contend that under the terms of the agreement, petitioner was not permitted to change his coverage following retirement. "In cases of contract interpretation, it is well settled that when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms" (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005] [internal quotation marks, ellipsis and citations omitted]; *see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Bauersfeld v Board of Educ. of Morrisville-Eaton Cent. School Dist.*, 46 AD3d 1003, 1005 [2007], *lv denied* 10 NY3d 704 [2008]). The agreement "should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases" (*Bailey v Fish &*

*Neave,* 8 NY3d 523, 528 [2007]; *see Matter of Westmoreland Coal Co. v Entech, Inc.,* 100 NY2d 352, 358 [2003]). Extrinsic evidence may not be considered unless it is determined as a matter of law that the agreement is ambiguous (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]).

Article XXII of the agreement provides that "[a]ll bargaining unit personnel currently employed or retired from [the district] who are legally eligible may participate in the . . . health insurance program," and there is no dispute that petitioner was eligible under the terms of the agreement. The specifics regarding the health insurance for eligible individuals are contained in Appendix G to the agreement, which sets forth individual coverage and family coverage as the "two types of enrollment" available (*cf. Odorizzi v Otsego N. Catskills Bd. of Coop. Educ. Servs.,* 307 AD2d 490, 491 [2003] [where agreement had separate retiree coverage provision]). A section entitled "ENROLLMENT CHANGES" recognizes that "[c]hanges in your family status may make it necessary or desirable for you to change the coverage for which you are enrolled," and states, in relevant part, that "[y]ou may request a change from individual coverage to [f]amily coverage . . . [t]o provide coverage for a newly acquired spouse." There is no indication that the "you" in this provision was not intended to include retired employees. Although Appendix G has a section denoted "RETIREMENT," the purpose of that section is to set forth the different length of service requirements (depending on whether the individual was hired before or after April 1, 1975) to qualify for continuing coverage during retirement. That section does not purport to lock in the type of coverage at the time of retirement. There is neither a specific definition nor a meaningful delineation of employees and retirees in Appendix G (*cf. id.* at 490-491). Reading the relevant provisions as a whole, we agree with Supreme Court that the agreement permitted petitioner to add his spouse to his health insurance.

The issue regarding the applicability of the statutory moratorium is academic.

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order and judgment is affirmed, without costs.