■ JOSHUA BALDO, Doing Business as ORBITAL IMAGING, Appellant, v MARTIN PATTON, Also Known as MARTY PATTON, Individually and Doing Business as COOPERSTOWN ALL SPORTS VILLAGE, COOPERSTOWN ALL STAR VILLAGE, LLC and COOPERSTOWN HOME RUN MANAGEMENT, LLC, et al., Respondents. [884 NYS2d 281]—

Kane, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered January 8, 2008 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendant Cooperstown All Star Village, LLC operates a youth baseball camp. Defendant Cooperstown Home Run Management, LLC has a contract to manage the daily operations of the baseball camp. Defendant Martin Patton is the sole member and employee of Cooperstown Home Run Management, LLC and a member of Cooperstown All Star Village, LLC. In 2004, plaintiff entered into a five-year contract for exclusive rights to provide photographic services to defendants' customers. The contract provided that "[i]f for any reason termination is required written conformation [*sic*] must be presented to either party 90 days prior to termination." In 2007, Patton sent plaintiff a letter on behalf of Cooperstown All Star Village, LLC in his capacity as manager and member of Cooperstown Home Run Management, LLC. The letter informed plaintiff that defendants were terminating the 2004 agreement in 90 days.

Plaintiff commenced this action seeking a declaration that defendants committed an anticipatory breach of the contract by terminating the agreement, specific performance of the agreement, a permanent injunction against interference with plaintiff performing under the agreement, money damages and punitive damages. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. Plaintiff appeals.

Supreme Court properly held that the agreement was not ambiguous and permitted defendants to terminate the agreement with 90 days notice. When parties set forth an agreement in a clear and unambiguous document, that writing should be read as a whole and enforced according to its terms (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *Matter of Bower v Board of Educ., Cazenovia Cent. School Dist.*, 53 AD3d 967, 968 [2008], *lv dismissed* 11 NY3d 837 [2008]). The agreement here states that "[i]f for any reason termination is required" such termination can be effected by presenting written confirmation "to either party" within the stated time frame. The next sentence provides for a prorated return of plaintiff's deposit if the agreement is terminated within the first five years. The agreement does not specifically require cause for termination. Thus, the agreement's plain

language permits either party to terminate the agreement "for any reason" (i.e., without cause) by simply providing 90 days notice of termination and defendants returning a portion of plaintiff's deposit. Defendants apparently complied with those requirements, requiring denial of plaintiff's request for a declaration, specific performance, an injunction and punitive damages.

We disagree with plaintiff's contention that there was a question of fact concerning whether Patton had authority to terminate the agreement on behalf of defendants. Patton testified at his deposition that, as a result of a meeting of the members of Cooperstown All Star Village, LLC, he was authorized to give plaintiff notice of termination. The only contradiction of this testimony was an affidavit of plaintiff's father, who averred that a son of one of the members told him that Patton did not have that authority or the members' consent. This double-hearsay statement was insufficient to raise a factual issue concerning Patton's authority to terminate the agreement.

Plaintiff also contends that Supreme Court should not have dismissed his cause of action seeking money damages for defendants' alleged breach of the agreement by letting other photographers and videographers interfere with his exclusive right to supply photographic services. Upon review of the complaint, we do not discern any such cause of action. In his cause of action seeking declaratory relief, plaintiff alleges such a breach of the agreement. Yet that cause of action does not seek money damages. While plaintiff asserts another cause of action for money damages and incorporates the prior allegations, that cause of action seeks damages associated with an anticipatory breach if an injunction and specific performance are not imposed. The complaint specifically states that plaintiff "will be damaged in money terms," limiting this cause of action to future money damages for defendants' allegedly improper actions in permitting other photographers to provide services after the termination letter became effective. Hence, plaintiff did not allege a cause of action seeking money damages for defendants' past breach of the agreement.

Cardona, P.J., Spain, Rose and Garry, JJ., concur. Ordered that the order is affirmed, with costs.