■ In the Matter of WILLIAM GIBLIN et al., Respondents, v VILLAGE OF JOHNSON CITY, Appellant. [906 NYS2d 157]—

McCarthy, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered October 6, 2009 in Broome County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent denying health insurance benefits to petitioner Patricia Giblin, and (2) from the judgment entered thereon.

Petitioner William Giblin (hereinafter petitioner) was employed by respondent as a firefighter. When he retired, he received family coverage health insurance benefits for himself and his then-wife pursuant to the collective bargaining agreement (hereinafter CBA) in effect between respondent and petitioner's firefighters' union. The relevant provision of the CBA provided that "[a]ll present retirees of the Fire Department and all members who retire in the future shall continue to receive Blue Cross, Blue Shield Major Medical Insurance coverage for themselves and their dependents (or comparable coverage as may then be in effect)." On February 26, 2009, petitioner and his ex-wife were divorced. Coverage for the ex-wife automatically terminated upon divorce and respondent terminated petitioner's family health insurance plan, switching him to an individual coverage plan. On March 15, 2009, petitioner married petitioner Patricia Giblin (hereinafter Giblin). When petitioners requested that Giblin be enrolled in respondent's health insurance plan as petitioner's dependent, respondent informed them that petitioner no longer had family coverage and was not entitled to change his plan to family coverage.

Petitioners commenced this combined action and CPLR article

---

78 proceeding seeking, among other things, to annul respondent's determination and a declaration that respondent was required to provide health insurance coverage to Giblin. Supreme Court, considering only these portions of the action and proceeding, annulled respondent's denial of petitioners' request and directed respondent to extend health insurance benefits to Giblin. Respondent appeals from the order and judgment entered thereon.*

Although petitioners are challenging an action by a municipality, because they are seeking damages flowing from a breach of contract, "the claim must be resolved through the application of traditional rules of contract law" rather than under CPLR article 78 (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 8 [1997]; *see Matter of Gooshaw v City of Ogdensburg*, 67 AD3d 1288, 1289 [2009]; *Sims v State of New York*, 30 AD3d 949, 949-950 [2006]). Therefore, the petition should have been dismissed and petitioners were entitled to a declaration under the declaratory judgment portion of the action.

Respondent breached its contractual obligation to provide health insurance benefits to Giblin. "When parties set forth an agreement in a clear and unambiguous document, that writing should be read as a whole and enforced according to its terms" (*Baldo v Patton*, 65 AD3d 765, 766 [2009] [citations omitted]). The CBA here is clear and there is no need to resort to extrinsic evidence, including the insurance certificate and respondent's past practices regarding other retirees, to interpret the meaning of that contract (*see Matter of Bower v Board of Educ., Cazenovia Cent. School Dist.*, 53 AD3d 967, 969 [2008], *lv dismissed* 11 NY3d 837 [2008]; *Odorizzi v Otsego N. Catskills Bd. of Coop. Educ. Servs.*, 307 AD2d 490, 492 [2003]).

The CBA states that petitioner, as a retiree, "shall continue to receive" health insurance coverage for himself and his dependents. Although respondent relies heavily on the word "continue," when the whole sentence is read in context it says that insurance coverage will continue for retirees and their dependents, not that retirees will continue to receive the same type of coverage (family or individual). Nothing in the agreement freezes benefits so as to limit coverage to people who are dependents of a retiree at the time of retirement (*see Matter of Bower v Board of Educ., Cazenovia Cent. School Dist.*, 53 AD3d at 969; *compare Odorizzi v Otsego N. Catskills Bd. of Coop. Educ. Servs.*, 307 AD2d at 491-492). Nor does the agreement specifically prohibit retirees from changing their enrollment from individual to

---

* Although the notice of appeal from the judgment appears to have been filed prematurely, this Court may treat the notice as valid (*see* CPLR 5520 [c]).

family coverage or vice versa. While petitioner's ex-wife was no longer eligible for coverage at the time of their divorce, petitioner did not request a change to individual coverage and, when he remarried, he merely desired to continue receiving family coverage as he had at the time of his retirement. Based upon the plain language of the CBA, petitioners were entitled to a declaration that respondent must provide health insurance benefits to Giblin.

Cardona, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by dismissing the CPLR article 78 petition and declaring that respondent must provide health insurance benefits to petitioner Patricia Giblin pursuant to the collective bargaining agreement; and, as so modified, affirmed. **[Prior Case History: 25 Misc 3d 1210(A), 2009 NY Slip Op 52024(U).]**