*406 OPINION OF THE COURT
Thomas D. Nolan, Jr., J.
Plaintiff Marvin Millington[1] and the class he represents are retired employees of defendant Village of South Glens Falls. Prior to their respective retirements, they were members of a collective bargaining unit represented by the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (CSEA). In this action, plaintiff seeks, inter alia, judgment first declaring that the Village’s action, effective April 1, 2007, terminating the prior practice of reimbursing all qualifying Village retirees the cost of their Medicare Part B premium violates the collective bargaining agreements between the Village and CSEA and, second, directing that the Village make full reimbursement retroactively to all qualifying retired Village employees.
Defendants, the Village, its Board of Trustees, Mayor and Clerk/Treasurer, contend that the Village is required to pay either a retiree’s medical health insurance premium or Medicare Part B premium, but not both. The Village contends it acted lawfully and did not violate the collective bargaining agreements when it terminated its prior practice of paying both premiums.
Plaintiff and defendants, respectively, move for summary judgment and present to the court a “stipulated and agreed-upon statement of facts.” Both sides supplement their motions with affidavits setting forth additional facts and background information.
For all full-time employees hired before June 1, 1995, the Village has agreed to pay for coverage of employees under its medical insurance plan while they are employed and then after they retire. The collective bargaining agreements between the Village and CSEA in force between June 1977 and May 1986 state as follows:
“Employees retiring from service with the Employer shall continue to be covered by the insurance plan. The retiree’s insurance shall be paid by the Employer as follows:
“100% Individual
*407 “100% Dependent (2 persons)
“100% Family
“100% Medicare.”
The collective bargaining agreements between the Village and CSEA in effect between June 1986 and May 1995 were changed to provide, as relevant:
“Full-time employees retiring from Village employment shall continue to be covered by the Village medical insurance plan.
“The Village shall pay 100% of the retiree’s medical insurance premium for the individual, dependent (two (2) persons), family or medicare coverage.”
Then, the agreements in place between June 1995 and the present were modified to provide:
“Full-time employees hired before June 1, 1995, who are retiring from the Village employment shall continue to be covered by the Village medical insurance plan.
“The Village shall pay 100% of the retiree’s medical insurance premium for the individual, dependent (two (2) persons), family or medicare coverage.”
In March 2007, relying upon the word “or” in paragraph two of the agreements in place after 1986, the Village for the first time took the position that it was obligated to pay either 100% of a retiree’s medical insurance premium or his or her Medicare Part B premium, but not both, and notified all Village retirees who participated in Medicare Part B that they must elect which premium they wanted the Village to continue to pay on their behalf. All retired employees, under protest, elected that the Village pay their monthly medical insurance premium.
Some additional background: Medicare is a federally created and managed health insurance plan which has four parts, two of which, Parts A and B, are relevant to this proceeding. Part A covers hospitalization. Part B covers doctors services, laboratory tests, physical therapy and rehabilitation services, ambulance services, limited home healthcare, and medical equipment and supplies. Medicare is generally available to any individual at age 65. Part A is mandatory and is provided at no cost to the recipient. Part B is an optional benefit and, if selected, requires payment of a premium deducted directly from a retiree’s Social Security benefit. The current Part B premium is $96.40 per month.
The Village’s private medical insurance plan, Empire Blue Cross, requires every participant in the plan at age 65 to sign *408 up for Medicare Part B as a condition to continued coverage. Medicare then becomes the retiree’s primary medical insurance provider covering, in most instances, 80% of the cost of covered medical services provided under Part B, while the private insurer, Empire Blue Cross, affords secondary coverage and assumes responsibility for the 20% balance after required co-payments are paid.
Stated differently, before April 2007, when a retired Village employee became 65 years old, the retiree’s medical insurance coverage consisted of a combination of Empire Blue Cross and Medicare, Parts A and B. The Village directly paid the Empire Blue Cross premium while the Medicare Part B premium was deducted from the retiree’s Social Security benefit, and then the Village reimbursed the employee for that premium. Again, the Village in 2007 decided for the first time that it was obligated under the collective bargaining agreements to pay only one of these two premiums and offered each retiree the option to designate which premium it wanted the Village to pay. As a practical matter, since the monthly Empire Blue Cross premium was the higher of the two, all retirees, again over protest, elected to have the Village pay the premiums for that coverage.
A municipality need not provide benefits to a retired employee absent an enforceable contractual obligation to do so. (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326 [1998].) When there is a contractual obligation, it is enforceable in an action like this, brought by an aggrieved retiree in a class action. (Myers v City of Schenectady, 244 AD2d 845 [3d Dept 1997], lv denied 91 NY2d 812 [1998].) Traditional rules of contract law govern (Matter of Giblin v Village of Johnson City, 75 AD3d 887 [3d Dept 2010]), namely, that if the controlling agreement is clear and complete, it should be enforced according to its terms and it should be “ ‘read as a whole to ensure that undue emphasis is not placed upon particular words and phrases’ ” (Matter of Bower v Board of Educ., Cazenovia Cent. School Dist., 53 AD3d 967, 968 [3d Dept 2008], lv dismissed 11 NY3d 837 [2008] [citation omitted]). And, significantly here, “[e]xtrinsic evidence [, including past practices,] may not be considered unless it is determined as a matter of law that the agreement is ambiguous.” (Matter of Bower at 969.)
Here, the salient issue is whether the word “or” in the collective bargaining agreements supports, as a matter of law, the Village’s interpretation. The court finds that it does not. While the *409 efforts of the Village to reduce costs are praiseworthy, its interpretation of the word “or” in its disjunctive sense does not square with the rest of the language of the most recent contract, in force since 1995. When the medical insurance provisions in the agreements are read as a whole, retirees are contractually entitled to receive continued coverage under the Village’s medical insurance plan, with the Village to pay 100% of the qualifying retirees’ medical insurance premiums.
The Village’s medical insurance plan for retirees when they turn 65 consists of a combination of private insurance coverage afforded by Empire Blue Cross and by Medicare Parts A and B. The Village is responsible for 100% of the cost of that combined coverage. There is no ambiguity in the language in the collective bargaining agreements and, therefore, the Village must pay 100% of the premiums for medical coverage — be they the premiums due to Empire Blue Cross for retirees younger than 65, or be they the premiums due Empire Blue Cross and Medicare for retirees 65 or older. ■
Plaintiffs motion is granted in all respects, including that portion seeking to both sever John Dixon, Sr.’s individual claim and allow plaintiffs attorneys to withdraw as John Dixon, Sr.’s attorney; and it is declared that the Village of South Glens Falls is responsible to pay 100% of the cost of health insurance for any and all retired Village employees hired before June 1, 1995, including said retirees’ Medicare Part B premium; and it is further declared that plaintiff and all members of the class he represents be reimbursed by the Village of South Glens Falls for any and all Medicare Part B premiums which they have individually paid since April 1, 2007, with statutory interest, no later than 120 days following service of a copy of this order and judgment with notice of entry; all without costs.
Defendants’ cross motion is denied, without costs.

. John Dixon, Sr. was erroneously designated as a plaintiff. Although a retired Village employee, Mr. Dixon was not a member of CSEA, and plaintiffs attorneys move to be relieved as counsel for him and for an order severing his individual claim from those of the class. The motion is not opposed.