■ Ruback's Grove Campers Association, Inc., Respondent, v Robert Moore et al., Appellants. [946 NYS2d 687]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Nolan Jr., J.), entered January 5, 2011 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment declaring that the leases between the parties prohibit year-round residency on certain real property.

Plaintiff is a not-for-profit membership corporation that owns an 84-acre lakeside campground in the Town of Galway, Saratoga County known as "Ruback's Grove." Defendants are members of the association who lease lots in the campground on a long-term basis. Plaintiff commenced this action seeking a declaratory judgment that defendants' leases prohibit them from year-round residency at the campground.* After joinder of issue, the parties cross-moved for summary judgment. Supreme Court granted plaintiff's motion to the extent that it declared that the leases preclude year-round residency at the campground, and defendants appeal.

Paragraph 7 in each of defendants' leases provides that "the lot of land hereby leased shall be used as a campsite for the erection and maintenance of a camp or summer cottage, and for no other use whatsoever." Defendants contend that the word "summer" does not limit their year-round use of the campsites, but merely describes the type of cottage that can be built. We are unpersuaded.

In interpreting the restrictive terms of a lease, we read it as a whole to determine its purpose and intent from the language employed and will enforce a clear and unambiguous agreement according to its terms (see *South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Baldo v Patton*, 65 AD3d 765, 766 [2009]). In doing so, we are mindful that restrictions on the use of land are not generally favored and will not be extended by implication beyond the terms of the restriction (see *Witter v Taggart*, 78 NY2d 234, 237 [1991]; *Van Schaick v Trustees of Union Coll.*, 285 AD2d 859, 860 [2001], *lv denied* 97 NY2d 607 [2001]; *Kem Cleaners v Shaker Pine*, 217 AD2d 787, 788 [1995]). Whether or not the language is ambiguous is a question of law for the court to decide (see *W.W.W. Assoc. v Giancontieri*,

---

* Prior to the commencement of this action, defendants Robert Moore and Dennis Bellone commenced an action seeking a permanent injunction to prevent plaintiff from obstructing the campground access road with a locked gate during the winter. We reversed the order of Supreme Court (Williams, J.) that granted the injunction, finding that it was premature and that Moore and Bellone were not entitled to it (*Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d 1220 [2011]).

77 NY2d at 162; *Matter of Moncure v New York State Dept. of Envtl. Conservation*, 218 AD2d 262, 266 [1996]).

Here, we find no ambiguity. The plain meaning of "camp or summer cottage" in the use provision of the lease, read as a whole and giving meaning to each term, manifests an intent that the leased campsites be used on a nonpermanent or temporary basis. A camp is temporary by nature and is defined as, among other things, "any temporary structure, as a tent or cabin, used on an outing or vacation" (Random House Webster's Unabridged Dictionary 301 [2d ed 2001]). Likewise, summer is a temporal adjective that is integral and necessary to define the temporal limitation of the use of the campsite (*see Turner v Caesar*, 291 AD2d 650, 651 [2002]). To accept defendants' argument that the words only describe the type of structure that may be built but do not affect the nature of their use would be to ignore the inherently temporary nature of the occupancy of camps and summer cottages. Accordingly, Supreme Court properly held that paragraph 7 of the lease as written precludes year-round residency in Ruback's Grove.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order and judgment is affirmed, with costs.