Peters, P.J.
Appeal from a judgment of the Supreme Court (Devine, J.), entered September 13, 2012 in Schoharie County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted petitioners’ cross motion for summary judgment.
Petitioners are former school administrators who retired from respondent Cobleskill-Richmondville Central School District (hereinafter District) between 1992 and 2005. From July 1993 forward, the Cobleskill-Richmondville Administrators Association (hereinafter Association) has been the exclusive collective bargaining unit for the District’s certified administrators. * With regard to health insurance, the collective bargaining agreements (hereinafter CBAs) in effect from July 1993 to June 2003 provided: “Individuals who retire during the term of the contract shall be covered at the rate of 100 percent of the charge for individual coverage and 75 percent of the charge for dependent coverage, as applicable. Employees hired after July 1, 1976 shall be required to satisfy ten (10) years of service in order to be eligible to continue the health insurance program in retirement as offered by the District.” Successive CBAs in effect from July 2003 to June 2009 contained nearly identical language regarding the rate and eligibility for retiree health insurance coverage.
In June 2009, the Association and the District agreed to modify the terms of the retiree health insurance coverage provision for the July 2009 through June 2012 CBA to provide that employees who retire during the 2010-2011 or 2011-2012 school year would receive health insurance coverage at the rate of 84% *836 of the charge for individual or dependent coverage, while those who retire during the 2009-2010 school year would continue to receive the rates of 100% for individual coverage and 75% for dependent coverage. In March 2010, each petitioner received a letter from respondent Lynn Lisy Macan, the Superintendent of the District, and respondent Board of Education of the District stating that, “[a]s of July 1, 2010, the rate of contribution for both eligible active and eligible retired [Association] employees shall be 16% of the charge for individual and dependent coverage.”
Petitioners thereafter commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging that respondents breached their contractual obligations to petitioners and were acting in an arbitrary, capricious and unlawful manner by reducing the District’s share of the cost of petitioners’ health insurance coverage. They sought, among other things, a declaration that respondents are obligated to contribute to the cost of petitioners’ health insurance throughout their retirement. Following joinder of issue, respondents moved for summary judgment dismissing the petition/complaint and petitioners opposed the motion and cross-moved for summary judgment. Supreme Court granted petitioners’ cross motion, finding that the plain language of the CBAs unambiguously obligated the District to provide lifetime health insurance coverage for those bargaining unit members who retired prior to the 2010-2011 school year at a rate of 100% for individuals and 75% for dependents. Respondents now appeal.
A written agreement that is clear and complete on its face must be enforced according to the plain meaning of its terms (see Samuel v Druckman & Sinel, LLP, 12 NY3d 205, 210 [2009]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Matter of Bower v Board of Educ., Cazenovia Cent. School Dist., 53 AD3d 967, 968 [2008], lv dismissed 11 NY3d 837 [2008]; Della Rocco v City of Schenectady, 252 AD2d 82, 84 [1998], lv dismissed 93 NY2d 1000 [1999]). Extrinsic evidence may be considered to discern the parties’ intent only if the contract is ambiguous, which is a question of law for the court to resolve (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Red-Kap Sales, Inc. v Northern Lights Energy Prods., Inc., 94 AD3d 1281, 1281-1282 [2012]; Hudock v Village of Endicott, 28 AD3d 923, 924 [2006]). In determining whether an ambiguity exists, “ ‘[t]he court should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed. Particular words should be considered, *837 not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby’ ” (Currier, McCabe & Assoc., Inc. v Maher, 75 AD3d 889, 890-891 [2010], quoting Atwater & Co. v Panama R.R. Co., 246 NY 519, 524 [1927]; accord Kass v Kass, 91 NY2d 554, 566 [1998]; see Matter of Bower v Board of Educ., Cazenovia Cent. School Dist., 53 AD3d at 968-969).
Reading the CBAs as a whole and in accordance with these principles, we find no ambiguity. Pursuant to the CBAs in effect at the time each petitioner retired, an employee who had completed 10 years of service was entitled to health insurance coverage “in retirement.” In order to receive that coverage at a rate of 100% per individual and 75% per dependent, the only requirement was that the individual “retire during the term of the contract.” Despite respondents’ contentions, nothing in the provisions at issue suggests that the coverage was limited to the time period of the CBA in effect at the time of an individual’s retirement. Furthermore, given that retirees are not involved in subsequent collective bargaining negotiations, “it is logical to assume [from the absence of any such durational language] that the bargaining unit intended to insulate retirees from losing important insurance rights during subsequent negotiations by using language in each and every contract which fixed their rights to coverage as of the time they retired” (Della Rocco v City of Schenectady, 252 AD2d at 84; see Myers v City of Schenectady, 244 AD2d 845, 847 [1997], lv denied 91 NY2d 812 [1998]). Thus, we conclude that the CBAs at issue unambiguously provide lifetime health insurance coverage to petitioners pursuant to the terms of the CBA in effect at the time of their retirement, and therefore consideration of the extrinsic evidence submitted is unnecessary (see Matter of Bower v Board of Educ., Cazenovia Cent. School Dist., 53 AD3d at 968-969; Hudock v Village of Endicott, 28 AD3d at 924; cf. Matter of Giblin v Village of Johnson City, 75 AD3d 887, 888-889 [2010]; compare Williams v Village of Endicott, 91 AD3d 1160, 1163 [2012]). Moreover, even were we to find an ambiguity, the extrinsic evidence introduced to aid in the construction of the CBAs fully supports the interpretation proffered by petitioners. Accordingly, summary judgment was properly awarded to petitioners.
Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 In July 1993, the Cobleskill Central School District merged with the Richmondville Central School District to form the Cobleskill-Richmondville Central School District. Petitioners Samuel T. Warner and Anthony Lambíase were employees of the Cobleskill Central School District and retired in 1992 under a premerger collective bargaining agreement that contained substantially similar language to the postmerger collective bargaining agreements.