*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 5, 2016                    521861
_____

SARAH M. EVANS et al.,
                    Appellants,

            v                              MEMORANDUM AND ORDER

DEPOSIT CENTRAL SCHOOL DISTRICT
    et al.,
                    Respondents.
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____


        Michael J. Livolsi, New York City, for appellants.

        Hogan, Sarzynski, Lynch, Dewind & Gregory, LLP, Johnson
City (John P. Lynch of counsel), for respondents.

                    _____


Clark, J.

        Appeal from an order of the Supreme Court (Burns, J.),
entered December 17, 2014 in Delaware County, which granted
defendants' motion to dismiss the complaint.

        Plaintiffs are former schoolteachers who retired from their
employments with defendant Deposit Central School District.  At
the time of their respective retirements, the collective
bargaining agreement (hereinafter CBA) between the District and
the Deposit Teachers Association — the union that represented
plaintiffs — had expired.  However, pursuant to Civil Service Law
§ 209-a (1) (e), the terms of the expired CBA remained in effect
pending the negotiation of a successor CBA.  In November 2013,
the District notified plaintiffs that a new CBA had been
negotiated and ratified and that, under the terms of that

contract, the District's contribution toward the cost of plaintiffs' health care premiums had been reduced.

In October 2014, plaintiffs commenced this action seeking a declaration pursuant to CPLR 3001 that they "are lawfully entitled to receive the same health[]benefits as all other teachers who retired during the effective term of the [prior CBA]" and reimbursement of the premiums that they paid "under protest" pursuant to the terms of the new CBA. In lieu of answering, defendants moved to dismiss the complaint, asserting that Supreme Court lacked jurisdiction over the matter, that plaintiffs failed to state a cause of action and that the claim was untimely. Supreme Court granted defendants' motion, and plaintiffs appeal.

We reverse. Contrary to Supreme Court's conclusion, plaintiffs' claim does not fall within the exclusive jurisdiction of the Public Employment Relations Board (hereinafter PERB). Civil Service Law § 205 (5) (d) provides that PERB lacks the "authority to enforce an agreement between an employer and an employee organization and shall not exercise jurisdiction over an alleged violation of such an agreement that would not otherwise constitute an improper employer . . . practice." "PERB . . . has consistently interpreted that provision to deprive it of jurisdiction . . . when the underlying disputes are essentially contractual," favoring that the parties instead resort to the courts to resolve such disputes (Matter of Roma v Ruffo, 92 NY2d 489, 497 [1998]; accord Matter of City of New Rochelle v New York State Pub. Empl. Relations Bd., 101 AD3d 1438, 1440 [2012], lv denied 21 NY3d 857 [2013]).

In their complaint, plaintiffs raise, in essence, a contractual dispute as to whether they are entitled to the contribution amount set by the prior CBA because, although expired, that was the contract that was in effect at the time of their respective retirements. Plaintiffs do not allege that defendants committed an improper employer practice by refusing to continue the terms of the old CBA during the negotiation of the new contract (see Civil Service Law § 209-a [1] [e]). In fact, plaintiffs readily acknowledge that they received health care benefits in accordance with the old CBA until "late 2013." Nor

do plaintiffs allege that defendants violated their statutory duty to bargain in good faith over a matter outside the terms of either CBA (see Civil Service Law § 209-a [1] [d]). Although neither CBA is included in the record, the parties do not dispute that the provision of health care benefits is a matter plainly addressed in both contracts. Moreover, since plaintiffs are now retirees, defendants do not have a statutory duty to bargain with them (see Civil Service Law §§ 201 [4], [7] [a]; 204 [2]; Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 332 [1998]). Accordingly, as plaintiffs' claim is contractual in nature, Supreme Court erred in dismissing the complaint for want of subject matter jurisdiction.

With respect to defendants' alternative claim that plaintiffs failed to state a cause of action, we disagree. On a motion to dismiss for failure to state a cause of action, the trial court must construe the complaint liberally, accept the facts alleged in the complaint as true, afford the plaintiffs the benefit of all favorable inferences and determine whether the facts alleged support any legally cognizable theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Beesmer v Besicorp Dev., Inc., 72 AD3d 1460, 1461-1462 [2010]). Applying this standard, we conclude that, by alleging that defendants failed to honor a contractual obligation under the prior CBA, plaintiffs have stated a legally cognizable claim for breach of contract. To the extent that Supreme Court relied on evidence proffered by defendants on their motion as a basis for dismissal without first converting the motion into a motion for summary judgment and notifying plaintiffs of that conversion, it did so improperly (see CPLR 3211 [c]; Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; T. Lemme Mech., Inc. v Schalmont Cent. School Dist., 52 AD3d 1006, 1008 [2008]).

We further conclude that plaintiffs' claim is timely. "'The proper vehicle for seeking damages arising from an alleged breach of contract by a public official or governmental body is an action for breach of contract, not a proceeding pursuant to CPLR article 78'" (Matter of Gooshaw v City of Ogdensburg, 67 AD3d 1288, 1289 [2009], quoting Kerlikowske v City of Buffalo, 305 AD2d 997, 997 [2003]; see Matter of Giblin v Village of Johnson City, 75 AD3d 887, 888 [2010]). Here, despite the

absence of facts in the record to determine the precise accrual date of the alleged breach, plaintiffs' claim falls safely within the six-year statute of limitations applicable to breach of contract claims, as plaintiffs commenced this action less than a year after learning of the ratification of the new CBA and paying their premiums "under protest" (see CPLR 213). Accordingly, as the grounds raised by defendants in their motion to dismiss are without merit, Supreme Court erred in dismissing the complaint.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, motion denied, and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of the date of this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court