Garry, J.
 

 Cross appeal from a judgment of the Supreme Court (Burns, J.), entered November 14, 2016 in Delaware County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, among other things, partially granted respondents’ motion to dismiss the amended petition/complaint.
 

 Petitioners are former schoolteachers who each retired from their employment with respondent Deposit Central School District on dates between July 2010 and June 2013. In June 2010, prior to their respective dates of retirement, the collective bargaining agreement that had governed the terms of petitioners’ employment expired by its own terms (hereinafter the prior CBA). The prior CBA remained in effect pending the approval of a subsequent agreement (see Civil Service Law § 209-a [1] [e]). In October 2013, a new collective bargaining agreement was formed, and its terms were made retroactive to July 1, 2010 (hereinafter the new CBA). The terms of the new CBA reduced respondents’ contribution to petitioners’ health care coverage from that which had previously been provided. Petitioners commenced an action in October 2014 seeking a declaratory judgment that they are entitled to the health insurance benefits provided under the terms of the prior CBA. Upon respondents’ motion, Supreme Court dismissed the complaint for lack of subject matter jurisdiction, finding that the Public Employee Relations Board (hereinafter PERB) had exclusive, nondelegable jurisdiction over the matter.
 

 This Court reversed on appeal, finding that petitioners’ claim sounded in breach of contract and was thus not a matter under PERB’s exclusive jurisdiction (Evans v Deposit Cent. Sch. Dist., 139 AD3d 1172 [2016]). Thereafter, petitioners amended the complaint to assert multiple additional claims, including claims pursuant to CPLR article 78, claims raising due process violations, and claims seeking related punitive damages and counsel fees. Respondents moved to dismiss the amended petition/complaint on the basis that, among other things, the additional claims were precluded by this Court’s earlier decision and failed to state a cause of action. Petitioners cross-moved for, as pertinent here, leave to further amend the petition/complaint for clarity. Supreme Court granted each of the parties’ motions in part, dismissing petitioners’ claims for relief other than the breach of contract cause of action, and denying that part of petitioners’ cross motion that sought to clarify portions of their amended petition/complaint. Petitioners now appeal, and respondents cross-appeal.
 

 Contrary to respondents’ contention, petitioners were allowed to amend their complaint as of right to include new causes of action and theories of the case (see CPLR 3025 [a]; 3211 [f]; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 406 [2009]; Patrick M. Connors, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C3025:3). Turning to examine these claims, we first note that this Court previously held that petitioners’ complaint was allowed to the extent that it asserted a cause of action for breach of contract, rather than a claim that fell within PERB’s nondelegable exclusive jurisdiction (Evans v Deposit Cent. Sch. Dist., 139 AD3d at 1173). Any claims based upon allegedly improper employer practices or a violation of the duty to bargain in good faith relative to the new CBA are barred by law (see Civil Service Law § 205 [5] [d]; see generally Matter of Zuckerman v Board of Educ. of City School Dist. of City of N.Y., 44 NY2d 336, 342 [1978]). The third cause of action seeking relief pursuant to CPLR article 78 falls wholly within PERB’s exclusive jurisdiction and was thus properly dismissed.
 
 [1]
 

 We further find that Supreme Court properly dismissed petitioners’ causes of action within the amended petition/complaint alleging due process violations under the federal and state constitutions, although on distinct and separate grounds. Petitioners’ claims pursuant to 42 USC § 1983 were not subject to the state notice of claim requirement (see Meyer v County of Suffolk, 90 AD3d 720, 722 [2011]), but petitioners were required to plead that respondents’ official policy or custom caused the deprivation of a constitutionally protected interest (see Monell v New York City Dept. of Social Servs., 436 US 658, 690-691 [1978]; Alex LL. v Department of Social Servs. of Albany County, 60 AD3d 199, 205 [2009], lv denied 12 NY3d 710 [2009]). The vague and conclusory allegations in the fourth and sixth causes of action as to respondents’ improper “policies, procedures, customs, and[/or] practices” are insufficient to state a cause of action pursuant to section 1983 (see Nasca v Sgro, 101 AD3d 963, 964-965 [2012]). As to the fifth cause of action, we find no merit in petitioners’ contention that respondents’ reduced contribution to petitioners’ health care coverage—from 100% under the prior CBA to 95% under the new CBA—rises to the level of a deprivation of a protected interest under the NY Constitution as presented here (see NY Const, art I, § 6; see generally Matter of Economico v Village of Pelham, 50 NY2d 120, 125 [1980]; Bykofsky v Hess, 107 AD2d 779, 781 [1985], affd 65 NY2d 730 [1985], cert denied 474 US 995 [1985]; see also S & D Maintenance Co., Inc. v Goldin, 844 F2d 962, 965-966 [2d Cir 1988]; Lawrence v Town of Irondequoit, 246 F Supp 2d 150, 157 [WD NY 2002]).
 
 [2]
 
 Accordingly, petitioners’ fourth, fifth and sixth causes of action were properly dismissed for failure to state a claim. In light of this determination, petitioners’ claims for counsel fees pursuant to 42 USC § 1988 and punitive damages, set forth within the sixth and seventh causes of action, were also properly dismissed (see 42 USC § 1988 [b]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]).
 

 Respondents’ cross appeal relies entirely upon review and interpretation of the two collective bargaining agreements. Supreme Court expressly noted that these had not been provided for review, and therefore declined to rule upon the contractual claim. Following receipt of that decision, respondents answered the complaint and appended the two documents to the answer. In this novel and highly unusual manner, the two collective bargaining agreements thus made their way into the appellate record. In response to questions raised at oral argument, counsel for respondents requested that this Court consider those documents and then rule upon the breach of contract cause of action following our independent review, asserting that the issues posed solely involve application of law. Notwithstanding the interests of judicial economy, which we recognize, we decline this invitation. To do so would be in clear derogation of the well-established rule requiring the preservation of issues before appellate review may be sought (see CPLR 5526; Gomez v Casiglia, 67 AD3d 965, 966 [2009]; Schaffer v Sella, 96 AD2d 533, 533 [1983]; compare Matter of Center of Deposit, Inc. v Village of Deposit, 108 AD3d 851, 853 n 2 [2013]). We have reviewed the parties’ remaining contentions and find them to either be rendered academic by this decision or without merit.
 

 Peters, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.
 

 [1]
 

 . Although unnecessary in light of our holding, we note that an alternate basis for dismissal of this cause of action is the doctrine of law of the case (see generally People v Evans, 94 NY2d 499 [2000]; Siegel, NY Prac § 448 [5th ed 2017]).
 

 [2]
 

 . As dismissal is appropriate on the other grounds set forth above, we do not separately address the issue of constitutionality raised relative to the US Constitution (see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 535 [1992]).